**Mujid S. ABDUL, Individually and as the Personal Representative and Widow of Stacy Abdul, Deceased, and on Behalf of her Rightful Beneficiaries at Law, Plaintiff**

v.

**LOGISTICS EXPRESS, INC.; Raymond Woods, Individually and as Agent of Logistics Express, Inc.; Air Products and, Chemicals Inc.; Trimac a.k.a. Trimac Transportation and John and Jane Does A, B, C, D, E, F, and G, Defendants.**

**Civil Action No. 1:07CV1186–LG–RHW.**

United States District Court,
S.D. Mississippi,
Southern Division.

July 7, 2009.

---

Christopher Collins Van Cleave, David Neil Harris, Jr., William Corban Gunn, Corban Gunn & Van Cleave, PLLC, Biloxi, MS, for Plaintiff.

Robert C. Galloway, John Wilson Eaton, III, Patrick Timothy Bergin, Butler, Snow, O'Mara, Stevens & Cannada, PLLC, Gulfport, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING TRIMAC'S MOTION FOR SUMMARY JUDGMENT

LOUIS GUIROLA, JR., District Judge.

**BEFORE THE COURT** is the Motion for Summary Judgment filed by the defendant, Trimac [104]. Upon reviewing the submissions of the parties and the applicable law, the Court finds that there is no genuine issue of material fact that Trimac did not assume the tort liabilities of Logistics Express ("Logex"). As a result, the Motion for Summary Judgment is granted.

### FACTS AND PROCEDURAL HISTORY

On January 5, 2005, at approximately 4:00 a.m., Stacy Abdul's vehicle was stopped in an eastbound traffic lane of Interstate 10, near the Ocean Springs exit. Her vehicle was struck by a tractor-trailer driven by Raymond Woods, an employee of Logex, resulting in her death. Logex's assets were purchased by Trimac on June 1, 2007.

On November 7, 2007, Stacy's husband, Mujid Abdul, filed this lawsuit against Logex, Woods, and Air Products. He later amended his complaint to name Trimac as a defendant, instant Motion for Summary Judgment, arguing that it did not assume Logex's liabilities.

### DISCUSSION

■ On May 22, 2007, Trimac and Logex executed an Asset Purchase Agreement, which became effective on June 1, 2007. (Ex. B to Def.'s Mot.) The parties agreed that the Agreement would be governed by California law. (Ex. 1 to Ex. B to Def.'s Mot. at 54.) The Agreement provides that Trimac did not assume any liabilities other than those listed as "Assumed Liabilities" in the Agreement. (*Id.* at 13.) The following were listed as Assumed Liabilities in the Agreement:

(a) those accounts payable determined by the Buyer and set forth on Schedule 2.3(a);

(b) those liabilities set forth on Schedule 2.3(b);

(c) all liabilities and obligations assumed under Section 9.1;

(d) any liabilities or obligations arising from the Buyer's use, operation or ownership of the Assets arising from and after the Closing Date;

(e) any liabilities or obligations assumed by the Buyer under the Assignment and Assumption Agreement, Assignment and Assumption of Lease or the Assignment of Contracts; and

(f) the employment or engagement (or termination of employment or engagement) by the Buyer, after Closing, of Canada Transferred Employees and Canada Independent Contractors.

(*Id.* at 12.) Schedule 2.3(a), Schedule 2.3(b), and Section 9.1 of the Agreement do not list any tort liabilities that arose prior to the Agreement. Rather, these portions of the Agreement pertain to employee benefits and accounts payable to vendors and owner-operators. Trimac paid $22 million in consideration to Logex. (Decl. of Craig A. Bourgeois, Ex. B to Def.'s Mot. at ¶ 3).

■ "[A]s a general rule, a corporation purchasing the assets of another corporation is insulated from the debts and liabilities of its predecessor." *Monarch Bay II v. Prof'l Serv. Indus.*, 75 Cal. App.4th 1213, 1216, 89 Cal.Rptr.2d 778 (Cal.App.4th Dist.1999). There are generally four exceptions to this rule:

(1) there is an express or implied agreement of assumption, (2) the transaction amounts to a consolidation or merger of the two corporations, (3) the purchasing corporation is a mere continuation of the seller, or (4) the transfer of assets to the purchaser is for the fraudulent purpose of escaping liability for the seller's debts.

*Monarch Bay II*, 75 Cal.App.4th at 1216, 89 Cal.Rptr.2d 778. In *Ray v. Alad Corp.*, the Court created a fifth exception pertaining to defective products. *Ray v. Alad Corp.*, 19 Cal.3d 22, 25, 136 Cal.Rptr. 574, 560 P.2d 3 (Cal.1977). The merger exception applies where the consideration paid to the predecessor company was so inadequate that insufficient funds were available to satisfy claims of the seller's creditors, and the continuation exception applies where either the consideration was inadequate or one or more persons were officers, directors or stockholders of both the predecessor and the successor corporations. *Monarch Bay II*, 75 Cal.App.4th at 1216, 89 Cal.Rptr.2d 778.

The plaintiff argues that Trimac assumed Logex's contingent tort liabilities, based on the following language in the Agreement:

A. [Logex] and Trimac have entered into that certain Asset Purchase Agreement ... providing for, among other things, the **conveyance to [Trimac] of all assets, properties and rights** of [Logex] on the Effective Date, whether real, personal or mixed, tangible or intangible, other than the Excluded Assets, held, used or useful in the Business, **including the assets, properties, rights and interests specified on Exhibit A** (collectively "Assets") and the assumption of certain Assumed Liabilities (as defined in the Agreement).

(Bill of Sale and Assignment, Ex. B to Def.'s Mot.) (emphasis added). Exhibit A, which is entitled "Assets," provides:

16. except as set forth in the Excluded Assets, all claims, deposits, prepayments, prepaid assets, refunds (excluding Tax refunds), **causes of action,** rights of recovery, rights of setoff and rights of recoupment of Assignor arising out of an Assumed Contract or an As-

sumed Lease or otherwise relating to the Business....

(Ex. A to Ex. B to Def.'s Mot. at 4).

The language cited by the plaintiff cannot be reasonably interpreted to provide for the assignment of tort liability to Trimac. The language merely provides that Logex is assigning assets, not liabilities, to Trimac. The reference to "causes of action" in Exhibit A is clearly a reference to causes of action that Logex had against other entities or individuals, not a reference to causes of action that individuals had against Logex. The plaintiff's apparent argument that liabilities are synonymous with assets is without merit.

The Court has thoroughly reviewed the Agreement and has determined that it is clear and unambiguous. The Agreement demonstrates that Trimac did not assume the tort liabilities of Logex. As a result, Trimac is entitled to summary judgment unless one of the five exceptions recognized by the California courts applies.

■ The plaintiff argues that Trimac is a mere continuation of Logex, based on a News Release prepared by Trimac that stated that Trimac had acquired the assets and business of Logex and that Trimac's Executive Vice–President welcomed "Logex's employees and customers to Trimac." (Ex. 2 to Pl.'s Supp. Resp.) The plaintiff also claims that Trimac's 30(b)(6) representative admitted that Trimac continued Logex's business when he testified that Trimac continued to haul for Logex's customers and utilized equipment that formerly belonged to Logex.

However, the continuation exception applies where either the consideration was inadequate or where one or more persons were officers, directors or stockholders of both the predecessor and the successor corporations. *Monarch Bay II*, 75 Cal. App.4th at 1216, 89 Cal.Rptr.2d 778. The

plaintiff has not argued that the $22 million in consideration paid by Trimac was insufficient, or that any of the officers, directors, or stockholders of Logex became officers, directors, or stockholders of Trimac. As a result, there is no genuine issue of material fact that Trimac was not a mere continuation of Logex. The plaintiff does not argue that any other exception applies, and the Court finds that there is no evidence before the Court that supports a determination that the other exceptions apply. Therefore, the Court finds that Trimac is entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [104] filed by the defendant, Trimac, is **GRANTED.** The plaintiff's claims against Trimac are hereby **DISMISSED WITH PREJUDICE.**